IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.** 08-cv-01683-WYD-MEH

PHILIP J. McDONALD,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS;
GORDON GOLDSTON, in his individual and official capacity; and
RICHARD W. MYERS, in his individual and official capacity.

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 6 & 10 below as containing Confidential Information, including:

   a. The Parties' personnel files;

   b. Internal affairs investigation files; and

   c. Witness statements made by current employees of the City of Colorado Springs.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 1 & 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      c.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      d.    the Court and its employees ("Court Personnel");

      e.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      f.    deponents or witnesses listed in each party's disclosures who are anticipated to testify at trial;

      g.    other persons, including Plaintiff, by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall

be made on the record during the deposition whenever possible, but a party may designate appropriate portions of the depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the party designating the information as CONFIDENTIAL fails to file a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegal, clerical and secretarial employees are

precluded from producing or providing any copies of any documents or materials subject to this Protective Order to any print, electronic, or news media representatives, employees or agents and are prohibited from disclosing any information contained in such documents, with the exception of non-confidential materials, to those individuals.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.Colo.L.Civ.R 7.2, in a sealed envelope, with the following statement typed conspicuously thereon:

CONFIDENTIAL

<u>THIS DOCUMENT IS FILED UNDER SEAL.  UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS, OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE PROTECTIVE ORDER ENTERED IN PHILIP MCDONALD V. CITY OF COLORADO SPRINGS, ET AL, CIVIL ACTION NO. 06-CV-00997-PSF-MJW.</u>

11. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude others from obtaining such documents.  Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

12. In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Protective Order in any way

violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for purpose of any contempt proceedings or any action concerning a litigant's right to injunctive relief as a result of such violations.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 9th day of July, 2009.

> BY THE COURT:
>
> s/ Michael E. Hegarty
> _____
> Michael E. Hegarty
> United States Magistrate Judge

The parties, by their respective attorneys of record, agree and stipulate to the entry of this Protective Order.

By:   /s/ Hollie L. Wieland
Hollie L. Wieland
SEARS & SWANSON, P.C.
2 N. Cascade Avenue, #1250
Colorado Springs, CO 80903
(719) 471-1984
(719) 577-4356 facsimile
hollie@searsandswanson.com

*Attorneys for Plaintiff*

By:   /s/ Lori R. Miskel
Lori R. Miskel
Office of the City Attorney
P.O. Box 1575 - MC 510
30 South Nevada Ave., Suite 501
Colorado Springs, CO 80901
(719) 385-5909
(719) 385-5535 facsimile
lmiskel@springsgov.com

*Attorney for Defendants*